PARK RIDGE COMPANY, APPELLANT, *v.* FRANKLIN COUNTY BOARD OF
REVISION; FRANKLIN COUNTY AUDITOR ET AL., APPELLEES.

[Cite as Park Ridge Co. *v.* Franklin Cty. Bd. of Revision (1987),
29 Ohio St. 3d 12.]

(No. 86-681 — Decided March 11, 1987.)

Knepper, White, Arter & Hadden, Donald G. Paynter, Jacob I. Rosenbaum and Edward S. Jerse, for appellant Park Ridge Company.

Michael Miller, prosecuting attorney, and James R. Gorry, for appellee Franklin County Auditor.

Teaford, Rich, Belskis, Coffman & Wheeler, Jeffrey A. Rich and Steven Celebrezze, for appellees Columbus Board of Education and South-Western City Schools Board of Education.

I

MARKUS, J. This court recently addressed the scope of a common pleas court's review for property values established by the board of revision. See *Black* v. *Bd. of Revision* (1985), 16 Ohio St. 3d 11, 16 OBR 363, 475 N.E. 2d 1264. The provisions of R.C. 5717.05 require the common pleas court to consider the administrative record from the board of revision. They permit the court to consider additional evidence in its discretion, but do not require it to do so. *Black, supra,* at paragraph one of the syllabus.

The appellate court cited, and the auditor and the school boards rely on, the following language in the *Black* opinion at 14, 16 OBR at 365-366, 475 N.E. 2d at 1268:

"'* * * In effect, R.C. 5717.05 contemplates a *decision de novo.* It does not, however, provide for an original action or trial *de novo.* * * *'"

That language simply means that the common pleas court should make its own independent decision but is not required to conduct an independent proceeding. It should reach its decision without any deference to the administrative finding. However, it should consider the administrative record, giving that record whatever weight the court deems appropriate, even if the court accepts additional evidence.

In this case, the trial court fully satisfied its obligations by causing its referee to consider the administrative record together with additional evidence. While the court and the parties may have termed the proceedings a trial *de novo,* the court actually accomplished an appellate function. The court did not begin the evidentiary process anew. It did not disregard administrative hearing evidence. Instead, it exercised its discretion most judiciously by permitting the parties to supplement the administrative record with additional evidence which could assist the valuation process.

The auditor and the school boards also argue that the court should have precluded the owner from presenting additional evidence. They contend that the owner did not show good cause for his failure to provide that information to the board of revision. However, the record does not indicate whether the owner had that information "within his knowledge or possession" at the time of the board's hearing. Hence, the court had no

reason to apply the preclusion rule in R.C. 5715.19(G), which applies when a claimant withholds information at the board's hearing.

Additionally, neither the auditor nor the school boards objected when the owner called its two witnesses at the referee's hearing. See Evid. R. 103(A)(1). They had adequate opportunity to discover that prospective evidence before the hearing, and demonstrated their readiness to respond with their own contrary expert evidence. Consequently, they cannot now claim that they were unfairly prejudiced by that testimony.

## II

Having concluded that the trial court's action was procedurally proper, we consider the auditor's and school boards' complaints about the trial court's decisions. R.C. 5713.01 requires the auditor to determine the true value in money of "* * * each lot or parcel of real estate * * *." The auditor and the school boards argue that these realty terms refer to permanent parcels defined on the auditor's records with separate parcel numbers. Consequently, they contend that the auditor, the board of revision and the courts must value each of those numbered parcels separately.

Their argument ignores the fact that the real property tax law uses the terms "tract," "lot," and "parcel" interchangeably. For example, R.C. 5713.02 instructs the assessor to prepare a description of "each tract and lot of real property." R.C. 5713.03 directs the auditor to determine the true value of "each separate tract, lot, or parcel of real property." R.C. 5713.04 calls for a valuation of "[e]ach separate parcel." It further provides that the tax-exempt part of a "separate parcel" should be split away and listed as a separate entity. R.C. 5713.18 directs the auditor to replace the valuation for a subdivided "lot or tract of land" with values for each resulting "lot or parcel."

Numbered permanent parcels facilitate conveyancing and may serve other valuable purposes. However, there is no valid reason why their relatively arbitrary boundaries must always limit valuation practices for real property taxes. The true value for real property may well depend on its potential use as an economic unit. That unit may include multiple parcels, or it may be part of a larger parcel, on the auditor's records. The boundaries of that unit may change with time and circumstances. Thus, a separate tract for valuation purposes need not correspond with a numbered parcel.

This court has previously approved aggregate valuations for economic land units which contain multiple permanent parcels. *Columbus Bd. of Edn.* v. *Fountain Square Assoc., Ltd.* (1984), 9 Ohio St. 3d 218, 9 OBR 528, 459 N.E. 2d 894; *Youngstown Sheet & Tube Co.* v. *Bd. of Revision* (1981), 66 Ohio St. 2d 398, 20 O.O.3d 349, 422 N.E. 2d 846. So have appellate courts. *Parsler* v. *Bd. of Revision* (Mar. 15, 1984), Franklin App. Nos. 83AP-126 & 83AP-127, unreported; *Trebmal Constr., Inc.* v. *Cuyahoga Cty. Bd. of Revision* (1986), 29 Ohio App. 3d 312, 29 OBR 411, 505 N.E. 2d 290.

For tax valuation purposes, property with a single owner, for which the highest and best use is a single unit, constitutes a tract, lot, or parcel. Procedurally, a single complaint can challenge tax valuations for multiple parcels "in actual physical contact with each other and with identical ownership and located in the same taxing district * * *." See D.T.E. Form No. 1; cf. Ohio Adm. Code 5717-1-09(B)(3). In that situation, the Department of Taxation exercises its authority under R.C. 5703.16 by permitting the complainant to state aggregate amounts for the current valuation, the complainant's valuation, and the proposed increase or decrease. *Id.*

The decision whether the property serves its highest and best use as a single unit or as multiple units is generally a factual issue. Like other factual valuation questions, the answer to this issue rests within the sound discretion of the common pleas court that reviews the decision of the board of revision. *Black* v. *Bd. of Revision, supra,* at 14, 16 OBR at 365-366, 475 N.E. 2d at 1268; *Youngstown Sheet & Tube Co.* v. *Bd. of Revision, supra,* at 401-403, 22 O.O.3d at 351-353, 422 N.E. 2d at 848-849. An appellate court should not disturb the trial court's decision on those matters, unless the trial court abuses that discretion. *Id.*

In this case, the trial court accepted its referee's finding that the highest and best use for each of the two apartment complexes was as a single unit. It also accepted its referee's valuations for each of those complexes, which the taxpayer's expert supported and the appellees' experts contested. Adequate evidence supported those factual findings, so we cannot say that the trial court abused its discretion.

Finally, the auditor and the school boards urge that the trial court erred by failing to apportion its total valuations among the individual parcels. Here again, they presume that the tax law requires ultimate valuations for tracts identified by an auditor's parcel number. When the tract contains property within more than one taxing district, the auditor must determine the value within each district. Cf. *Youngstown Sheet & Tube Co.* v. *Bd. of Revision, supra,* at 405, 20 O.O. 3d at 354, 422 N.E. 2d at 851. Otherwise, the auditor can assess property taxes for tracts which include more than one numbered parcel.

These two apartment complexes are each within single taxing districts, so the trial court's judgment was proper without apportioning its valuations among individually numbered parcels. The trial court did not abuse its discretion. We reverse the appellate court's decision and reinstate the trial court's judgment.

*Judgment reversed.*

SWEENEY, Acting C.J., MILLIGAN, COOK, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, J., sitting for MOYER, C.J.

MILLIGAN, J., of the Fifth Appellate District, sitting for SWEENEY, J.

COOK, J., of the Eleventh Appellate District, sitting for LOCHER, J.

MARKUS, J., of the Eighth Appellate District, sitting for HOLMES, J.