OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Garfield Mall Associates, Appellant, v. Cuyahoga County Board
of Revision et al.; Garfield Heights Board of Education,
Appellee.
[Cite as Garfield Mall Assoc. v. Cuyahoga Cty. Bd. of Revision
(1993),      Ohio St.3d     .]
Taxation -- Real property valuation -- Adoption of board of
     education appraiser's valuation by Board of Tax Appeals
     neither unreasonable nor unlawful, when -- R.C.
     5715.19(G), applied.
     (No. 92-951 -- Submitted December 1, 1992 -- Decided May
19, 1993.)
     Appeal from the Board of Tax Appeals, Nos. 89-H-1141 and
89-H-1142.
     Appellant, Garfield Mall Associates, an Ohio general
partnership, was the owner of Garfield Mall in Garfield
Heights, Ohio.  On August 1, 1987, Jeffrey I. Friedman,
Trustee, acquired a seventy-five percent interest in Garfield
Mall Associates.  The name in which the subject property was
owned remained the same; however, appellant's property
manager's real estate department was not advised by its legal
department of the acquisition.
     For tax year 1988 the Cuyahoga County Auditor valued
Garfield Mall, at a true value of $4,770,000.  On appeal the
Cuyahoga County Board of Revision increased the valuation to
$6,000,000.  Appellant, contending that the true value was
$3,530,000, appealed to the Board of Tax Appeals ("BTA").  The
BTA, based upon evidence presented to it, determined that the
true value of the property was $6,500,000.
     Garfield Mall covers 24.602 acres and contains a
department store, a theatre, a supermarket, and a number of
smaller retail spaces.  Appellant's expert witness, Richard G.
Racek, did not appraise the property but examined documents
relative to the transfer of the seventy-five percent
partnership interest and determined that the true value of the
subject property was $4,700,000.  Sam D. Canitia, expert
witness for the appellee, Garfield Heights Board of Education,
appraised the property and, utilizing a correlated market and
income approach to  value, determined the true value of the

subject property to be $6,500,000.  The BTA accepted Canitia's appraised value as the true value of the real estate and ordered the Cuyahoga County Auditor to modify its valuation accordingly.

The cause is now before this court upon an appeal as of right.

Fred Siegal Co., L.P.A., Fred Siegal, Todd W. Sleggs and Stephen R. Gill, for appellant.

Arter & Hadden and Donald G. Paynter, for appellee, Garfield Heights Board of Education.

Per Curiam.  The determinative issue herein is the true value of Garfield Mall.  Appellant essentially questions the decision of the BTA to adopt the valuation given by appellee's appraiser.  Appellant's expert witness did not appraise the subject real estate in arriving at true value, but merely reviewed documents dealing with Friedman's acquisition of the partnership interest in  Garfield Mall Associates.  On the other hand, appellee's appraiser inspected the property and utilized the market and the income approaches in determining true value.  Based upon the testimony and evidence presented to the BTA, we affirm its decision and find that the true value of the subject property is $6,500,000.

As an ancillary issue herein, appellee, at the BTA hearing, objected to the testimony of Martin A. Fishman, legal counsel for appellant's property manager, regarding the acquisition of the partnership interest by Friedman, based upon R.C. 5715.19(G).  That statute provides:

"A complainant shall provide to the board of revision all information or evidence within his knowledge or possession that affects the real property that is the subject of his complaint.  A complainant who fails to provide such information or evidence is precluded from introducing it on appeal to the board of tax appeals or the court of common pleas, except that the board of tax appeals or the court may admit and consider the evidence if the complainant shows good cause for his failure to provide the information or evidence to the board of revision."

Appellant contends that the holding in Coventry Towers, Inc. v. Strongsville (1985), 18 Ohio St.3d 120, 18 OBR 151, 480 N.E.2d 412, precluded the introduction of information or evidence within a witness' knowledge or possession only when the information or evidence was intentionally withheld from presentation before the board of revision.  Appellant claims the subject information was not intentionally withheld, but rather was not introduced at the board of revision hearing because of a miscommunication between the real estate department and the legal department of appellant's property manager.  Appellee counters that a failure of internal communication is not good cause for failing to present information or evidence at a board of revision hearing.

The BTA refused to admit the testimony of appellant's witness and found "[k]nowledge of the August 1, 1987 sale" was in the appellant's possession at the board of revision hearing.  The BTA found further that "lack of internal communication * * * [was not] 'good cause'" for failure to

provide information or evidence to the board of revision.  We agree.

The decision of the BTA is neither unreasonable nor unlawful and it is affirmed.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.