OPINION
{¶ 1} Appellees, Paul W. and Karen J. Arbogast, filed a real property valuation complaint with the Columbiana County Board of Revision challenging real estate tax due for the 2002 tax year. In their complaint, they disputed the county's valuation of their commercial property located in Columbiana, Ohio.
 {¶ 2} The property at issue herein is a two story building in an industrial area containing Paul Arbogast's photography studio and a leased physical fitness center.
 {¶ 3} After hearing the evidence, the Board of Revision of Columbiana County (BOR) determined the value of the property as of the January 1, 2002, tax lien date would not change, and remained at $399,770.00. Appellees appealed this BOR decision to the Columbiana County Court of Common Pleas. Following a supplemental hearing, the court overruled the BOR determination and valued Appellees' property at $314,500.00 in a decision dated May 7, 2004. Appellants, the Columbiana County Auditor Nancy Milliken and the BOR, timely appeal to this Court and raise one assignment of error:
 {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THE VALUE OF THE REAL PROPERTY WITH NO COMPETENT, CREDIBLE, PROBATIVE EVIDENCE TO SUPPORT ITS FINDING AS TO VALUE."
 {¶ 5} R.C. § 5715.19(A)(1)(d) permits a property owner to file a complaint concerning a determination of the true value of the owner's property. Thereafter, the board of revision shall hear and render its decision on the complaint within ninety days. Any party who disagrees with a BOR decision may appeal to the applicable county court of common pleas. R.C. § 5717.05.
 {¶ 6} The court may hear the appeal solely on the record and the evidence previously submitted or it may consider additional evidence. R.C. § 5717.05. Thereafter, the common pleas court shall make its own independent decision as to the taxable valuation of the property. Park Ridge Co. v. Franklin Cty. Bd.of Revision (1987), 29 Ohio St.3d 12, 504 N.E.2d 1116, paragraph one of the syllabus.
 {¶ 7} The taxpayer has the initial burden of proof to demonstrate the right to a reduction when challenging the auditor's assessment. Freshwater v. Belmont Cty. Bd. ofRevision (1997), 80 Ohio St.3d 26, 28, 684 N.E.2d 304. Once the taxpayer presents evidence to the court that the property should be valued otherwise, then the burden of proof is on the auditor to justify and defend its initial evaluation. Murray and Co.Marina, Inc. v. Erie Cty. Bd. of Revision (1997),123 Ohio App.3d 166, 174, 703 N.E.2d 846.
 {¶ 8} "[N]either the property valuation by a board of revision nor an auditor's appraisal is entitled to a presumption of validity." Id. at 172 citing Springfield Local Bd. of Edn. v.Summit Cty. Bd. of Revision (1994), 68 Ohio St.3d 493, 494-495,628 N.E.2d 1365.
 {¶ 9} This Court's standard of review on appeal is whether the common pleas court abused its discretion in making its determination. Black v. Cuyahoga Cty. Bd. of Revision (1985),16 Ohio St.3d 11, 14, 16 OBR 363, 475 N.E.2d 1264. An abuse of discretion is more than an error of law. It connotes that the trial court's judgment was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 10} The determination of a complaint for a particular tax year, "shall relate back to the date when the lien for taxes * * * for the current year attached." R.C. § 5715.19(D). The lien for real estate taxes attaches on the first day of January. R.C. § 323.11. "Thus, the first day of January of the tax year in question is the crucial valuation date for tax assessment purposes." Freshwater, supra at 29-30,684 N.E.2d 304, citing Olmsted Falls Village Assn. v. CuyahogaCty. Bd. of Revision (1996), 75 Ohio St.3d 552,664 N.E.2d 922.
 {¶ 11} The main issue on appeal in the instant matter is whether Appellees' appraisal was properly considered by the trial court. Appellants claim that the appraisal should not have been considered since it did not value the property as of January 1, 2002, the tax lien date. As such, and pursuant to the Ohio Supreme Court's decisions in Freshwater and Olmstead FallsVillage Assn., supra, Appellees failed to present credible evidence reflecting that they were entitled to a reduction. Consequently, Appellants claim that the burden of proof never shifted to them, and the BOR's decision should have been affirmed.
 {¶ 12} The appraisal at issue in Freshwater, supra, appraised the subject real estate as of December 30, 1991, and April 5, 1996. In order to value the property for the tax lien date of January 1, 1994, the appraiser estimated the true value of the property by, "taking the difference between his appraisal values as of December 30, 1991 and April 5, 1996, and adding one half of the difference to the December 30, 1991 value and rounding off the result[.]" Id. at 27.
 {¶ 13} The Ohio Supreme Court rejected the appraiser's valuation and held that evidence of a property's value as of December 30, 1991, and April 5, 1996 is not evidence of the valuation as of January 1, 1994. Id. at 30. The Court noted:
 {¶ 14} "The essence of an assessment is that it fixes the value based upon facts as they exist at a certain point in time. * * * The real estate market may rise, fall, or stay constant between any two dates, and the assumption that a change in valuation between two given dates is constant and uniform,without proof, may properly be rejected by the finder of fact. The BTA may accept all, part, or none of the testimony presented to it by an expert." (Emphasis added.) Id. citing Witt Co v.Hamilton Cty. Bd. of Revision (1991), 61 Ohio St.3d 155,573 N.E.2d 661.
 {¶ 15} The Ohio Supreme Court in Olmstead Falls VillageAssn., supra, also rejected an opinion of the subject real estate's value because the estimate in that case did not value the property as of any certain date. Instead, according to the appraiser's testimony, the tax lien date was not the valuation date but was a reflective date for the entire year. The Court held that this "reflective date appraisal" could not be lawfully relied upon. Id. at 554-555. The Court stated that while pre- and post-tax lien date factors affecting the true value of the property on the tax lien date may be considered, the tax lien date valuation must be based, "on an opinion of true value that expresses a value for the property as of the tax lien date of the year in question." Id. at 555.
 {¶ 16} It is undisputed in the instant matter that the applicable tax lien date is January 1, 2002. It is also undisputed that Appellees' appraisal that was submitted to the trial court for consideration was prepared, "as of February 28, 2003." (Emphasis added.) (April 15, 2004, Tr., p. 70; Plaintiffs' Exh. 3.) Further, and per Appellees' appraiser's testimony, he was unaware of the applicable tax lien date in dispute in this case:
 {¶ 17} "Q Are you aware of the lien date for the tax value in dispute?
 {¶ 18} "A No, sir.
 {¶ 19} "Q You don't know what — for what lien period the disputed tax value —
 {¶ 20} "A I do not know when it begins, no, sir.
 {¶ 21} "Q Okay.
 {¶ 22} "A I saw some indication that it was the first of 2000, is that correct?" (April 15, 2004, Tr., pp. 70-71.)
 {¶ 23} However, Appellees' appraiser subsequently testified on redirect examination that, based on the age of the comparable sales that he relied on in forming his appraisal of the subject property, he cannot isolate the year 2002 from 2003. He stated that the information he had available, "is not sufficient enough to show any change in value within a short period of time, possibly even as long as three years on commercial property." (April 15, 2004, Tr., p. 76.)
 {¶ 24} In addition, Appellants' appraiser, who was well aware of the applicable tax lien date in this case, testified that a property's value does not typically change from tax lien year to tax lien year. (April 15, 2004, Tr., p. 82.)
 {¶ 25} Appellants' counsel objected to the use of Appellees' appraisal since it was not completed for the applicable tax lien date. This objection was overruled. (April 15, 2004, Tr., pp. 78-79.)
 {¶ 26} Notwithstanding Appellees' inaccurate appraisal date, the trial court found both appraisers credible and considered both in making its decision.
 {¶ 27} Appellees' appraiser placed a fair market value on the property of $265,000. Appellants' appraisal company had initially appraised the subject property at approximately $400,000 in a mass county appraisal. However, Appellants' appraiser subsequently concluded at the hearing that this value was too high. He testified that a more accurate value was $375,000. (April 15, 2004, Tr., pp. 102-104, 109, 142.)
 {¶ 28} The trial court held that the fair market value of the subject property was $314,500. To reach this figure, the court relied on Appellants' appraiser's statement that the appraisal margin of error was 10%. Thus, the trial court indicated that it lowered Appellants' value by 10%, raised Appellees' appraisal by 10%, and then took the average of the two to arrive at a value of $314,500. (May 7, 2004, Judgment Entry, p. 3; April 15, 2004, Tr., p. 143.)
 {¶ 29} As Appellants point out, although the trial court's calculation of value seems equitable, it is unlawful based on the Ohio Supreme Court's decisions in Freshwater and OlmsteadFalls Village Assn., supra, because Appellees' appraisal did not provide evidence of the subject property's value as of the January 1, 2002, tax lien date. An appraisal dated 13 months later cannot be lawfully relied upon by the trial court, pursuant to Olmstead Falls Village Assn., supra. As such, while the trial court's determination seems equitable, we must determine that it constitutes an abuse of discretion, and Appellants' sole assignment of error has merit.
 {¶ 30} Notwithstanding the trial court's error in setting a valuation for the property, however, Appellees were still entitled to a reduction since the record does reflect that the BOR's initial property valuation was incorrect. Appellants' own appraiser testified at the hearing that the property's value should have been listed at $375,000 as of the January 1, 2002, tax lien date instead of at the initial $399,770 appraisal. (April 15, 2004, Tr., pp. 102-103.)
 {¶ 31} Thus, this Court hereby modifies the trial court's decision and imposes the valuation of $375,000 on the subject property. App.R. 12(A)(1). This reduction is clearly supported by Appellants' own expert's testimony and this was the only evidence of the value of the subject property on the applicable tax lien date.
 {¶ 32} Based on the foregoing, the trial court's decision is modified to reflect the foregoing property valuation.
Donofrio, P.J., concurs.
Vukovich, J., concurs.