[Cite as *Powell v. Cuyahoga Cty. Bd. of Revision*, 2013-Ohio-2460.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98681**

# INEZ BOONE POWELL

PLAINTIFF-APPELLANT

vs.

# BOARD OF REVISION, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
REVERSED AND REMANDED

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-778025

**BEFORE:** Celebrezze, P.J., Blackmon, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** June 13, 2013

**ATTORNEY FOR APPELLANT**

Michael Aten
Westgate Towers
Suite 501
20525 Center Ridge Road
Cleveland, Ohio   44116


**ATTORNEYS FOR APPELLEES**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Saundra J. Curtis-Patrick
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

**{¶2}** Appellant, Daphne Logan, executor of the estate of Inez Boone Powell, brings the instant appeal challenging the common pleas court's affirmance of the Cuyahoga County Board of Revision's (the "Board") valuation of property included in Powell's estate. Logan claims the trial court erred in determining that she did not carry her burden of proof about the proper value of the property. After a thorough review of the record and case law, we reverse and remand.

## I. Factual and Procedural History

**{¶3}** Although not reviewed by the common pleas court, the following facts are taken from the valuation complaint and the administrative record filed by the Board after the court issued its decision.

**{¶4}** Powell owned real estate located on Seaton Road in Cleveland Heights, Ohio. Following her death on November 27, 2009, Logan administered her probate estate, which included this home. Logan caused the property to be listed for sale. The property was valued at $171,000 by the Cuyahoga County auditor. However, no offers approached this sum. The valuation complaint sought a reduction in value to $100,000, the amount reflected by negotiations with potential purchasers. Ultimately, Logan

decided to rent the home rather than sell, and her attorney filed a complaint against the valuation for the 2009 tax year on March 31, 2010.

{¶5} The Board scheduled a hearing, but Logan claims proper notice was not sent, and she did not know about the hearing scheduled for November 1, 2010.[1] A hearing went forward on this date, but no one appeared to contest the valuation. The Board determined that the valuation of $171,000 was appropriate based on a lack of evidence submitted. The administrative record indicates the Board issued its decision to Logan on January 5, 2011. The notice indicated the recipient had only 30 days to appeal from this determination. Logan claims to have never received notice of the Board's decision. On March 13, 2012, Logan filed an appeal of that decision to the common pleas court, arguing that the Board did not issue notice of its decision or of the hearing date.

{¶6} The common pleas court set the following briefing schedule on March 20, 2012:

> Appellee must certify a complete transcript of proceedings to the court by 4/11/2012.
> Appellant's brief to be filed by 5/04/2012.
> Appellee's brief to be filed by 5/25/2012.
> Appellant's reply to be filed by 6/01/2012.

{¶7} However, the Board did not file the record, and Logan did not file a brief. In fact, nothing further was filed except for an entry of appearance for an attorney representing the Board. On June 15, 2012, the trial court issued an order affirming the

---

[1] Logan's valuation complaint did not include an address for service even though space was provided for one.

Board's decision, stating, "Appellant failed to present any evidence upon which the court could consider any issues raised in the notice of appeal. Accordingly, appellant's requested relief is denied."

{¶8} On July 16, 2012, Logan filed a motion for relief from judgment as well as an appeal to this court. On July 23, 2012, the Board filed the record with the common pleas court that was supposed to be filed by April 11, 2012. This court remanded the matter to the common pleas court to rule on the outstanding motion for relief from judgment. The common pleas court denied Logan's motion, finding she let the matter proceed to judgment on the notice of appeal alone because she did not file anything more.

{¶9} Logan now assigns one error for review: "The trial court erred in affirming the board of revision's valuation of the real property at issue herein."

## II. Law and Analysis

### A. Standard of Review

{¶10} The common pleas court has a duty on appeal to independently weigh and evaluate all evidence properly before it. The court is then required to make an independent determination concerning the valuation of the property at issue. The court's review of the evidence should be thorough and comprehensive and should ensure that its final determination is more than a mere rubber stamping of the board of revision's determination. *Black v. Cuyahoga Cty. Bd. of Revision*, 16 Ohio St.3d 11, 13, 475 N.E.2d 1264 (1985).

**{¶11}** This court may not reverse the decision of the common pleas court absent an abuse of discretion. The Ohio Supreme Court has set forth the standard of review this court applies:

> In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion * * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. * * * Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment.

*Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264 (1988).

**{¶12}** Pursuant to R.C. 5717.05, a county board of revision is required to certify to the trial court a transcript of the record of the proceedings. This statute provides, "[w]ithin thirty days after notice of appeal to the court has been filed with the county board of revision, the board shall certify to the court a transcript of the record of the proceedings of said board pertaining to the original complaint and all evidence offered in connection with that complaint."

**{¶13}** "The provisions of R.C. 5717.05 require the common pleas court to consider the administrative record from the board of revision. They permit the court to consider additional evidence in its discretion but do not require it to do so * * *." *Park Ridge Co. v. Franklin Cty. Bd. of Revision*, 29 Ohio St.3d 12, 14, 504 N.E.2d 1116 (1987). The *Park Ridge* court further determined the nature of this review, stating:

In reviewing a board of revision's valuation of property, the common pleas court should make its own independent decision but is not required to conduct an independent proceeding. It should reach its own decision without any deference to the administrative finding. However, it should consider the administrative record, giving that record whatever weight the court deems appropriate, even if the court accepts additional evidence.

*Id*. at paragraph one of the syllabus.

{¶14} Therefore, the common pleas court must consider the administrative record and whatever additional evidence it decides to accept. *Id.* at 14.

### B. Thorough and Independent Review

{¶15} Here, the Board argues that because Logan did not present evidence at the hearing before it, the trial court did not err in upholding its decision. However, that argument puts the cart before the horse. If Logan had no notice of the hearing, her failure to present evidence is meaningless. Notice is required, and lack of notice is a fatal jurisdictional defect. *2200 Carnegie, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 135 Ohio St.3d 284, 2012-Ohio-5691, ¶ 15. Without the Board timely filing the record with the common pleas court, that court had no evidence to determine whether proper notice was issued to Logan. The Board is required to provide notice by certified mail at least ten days prior to the hearing date. R.C. 5715.19(C). A board of revision's failure to provide this statutorily required notice means it does not have jurisdiction to conduct such a hearing. *2200 Carnegie* at ¶ 15 (lack of notice of the board of revision hearing is a jurisdictional defect).

{¶16} Here, the trial court affirmed the Board's decision before the Board filed a record and before the Board established that it had jurisdiction to conduct a hearing by

providing proper notice.   Without a record filed on appeal, the common pleas court could not establish proper notice nor could it undertake an independent review of the evidence.

{¶17} The common pleas court placed the burden of proof entirely on Logan, citing *Colonial Village Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196.   There, the Ohio Supreme Court set forth the rules that generally apply to an appeal from a board of revision decision.   The court stated that a "party challenging the board of revision's decision at the [board of tax appeals] has the burden of proof to establish its proposed value as the value of the property." *Id*. at ¶ 23, citing *Dayton- Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 15.   However, that burden does not impact the duty of the Board to comply with jurisdictional prerequisites to conduct a hearing or the common pleas court's duty to conduct an independent review of the record.  A thorough, independent review of the record is required for the common pleas court to arrive at a conclusion on appeal.   *Park Ridge*, 29 Ohio St.3d 12, 504 N.E.2d 1116, at paragraph one of the syllabus.

{¶18} The common pleas court's decision in this case is founded on Logan's failure to present evidence that the Board's valuation is incorrect when she failed to file additional evidence or a brief.   However, it is the Board's responsibility to file the record, and the court ordered the record to be filed by April 11, 2012.  Without this record, Logan's ability to argue her case was substantially compromised.   This is because she raised issues about the Board's failure to comply with procedural requirements that

rely on evidence contained within this record. She could have submitted affidavit evidence that she did not receive notice of the hearing date or the decision of the Board, but she did not. The common pleas court set a briefing schedule indicating Logan was to file her brief by May 4, 2012. But without a transcript, the common pleas court had no basis to decide that Logan had submitted no evidence to support her claim. The record may contain sufficient evidence to support Logan's arguments, but the trial court did not know that because it had no record before it. In short, the court had nothing to review.

{¶19} Further, the idea that Logan was required to submit additional evidence in order to prosecute her claim is incorrect. The court could have simply rejected any additional evidence Logan submitted. This is because it is within a common pleas court's discretion to accept new evidence in an appeal from the Board's determination of value. R.C. 5717.05. Case law has even limited the common pleas court's ability to accept evidence that could have been offered during a hearing before a board of revision but was not. *Garfield Mall Assoc. v. Cuyahoga Cty. Bd. of Revision*, 66 Ohio St.3d 247, 1993-Ohio-46, 611 N.E.2d 808. Logan did violate an order of the court when she failed to file her brief in accordance with the briefing schedule. However, the court did not dismiss her case or otherwise sanction her. The court ruled on the merits of the case, finding she did not provide any evidence supporting an argument that the Board erred. But she raised jurisdictional arguments in her notice of appeal to the common pleas court that cannot be decided without reference to the record.

{¶20} Therefore, the common pleas court erred when it decided the case without conducting a proper review. On remand, the court should conduct an independent review based on the record and any additional evidence it chooses to allow.

## C. Untimely Appeal

{¶21} The Board also argues that the appeal time has run and Logan's appeal to the common pleas court can be dismissed as untimely. That determination is premature because the Board has not shown that it properly served all parties with notice of its decision. In order to start the running of the appeal time set forth in R.C. 5717.01, a board of revision must properly serve its decision on all parties listed in R.C. 5715.20. *Cleveland Elec. Illum. Co. v. Lake Cty. Bd. of Revision*, 96 Ohio St.3d 165, 2002-Ohio-4033, 772 N.E.2d 1160. When it failed to file the record, the Board prevented the common pleas court or this court from considering this argument.

## III. Conclusion

{¶22} The common pleas court erred in affirming the Board's decision when it had no record to review where Logan's notice of appeal raised jurisdictional arguments about the ability of the Board to conduct a hearing. Logan carries the ultimate burden of proof, but the common pleas court may not dispense with an independent review of the record before determining jurisdictional issues raised on appeal.

{¶23} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

PATRICIA A. BLACKMON, J., and
TIM McCORMACK, J., CONCUR