[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* **Slip Opinion No. 2017-Ohio-5823.**]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-5823

COLUMBUS CITY SCHOOLS BOARD OF EDUCATION, APPELLANT, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* **Slip Opinion No. 2017-Ohio-5823.**]

*Taxation—Real-property valuation—Board of Tax Appeals ("BTA") erred by failing to independently weigh the evidence—Carryforward of tax-year-2011 value to tax years 2012 and 2013 was proper—BTA's decision vacated—Cause remanded.*

(No. 2015-0565—Submitted May 16, 2017—Decided July 18, 2017.)

APPEAL from the Board of Tax Appeals, No. 2014-2780.

_____

**Per Curiam.**

{¶ 1} Appellant, the Columbus City Schools Board of Education ("BOE"), challenges the decision of the Board of Tax Appeals ("BTA") that retained the reduced values that the Franklin County Board of Revision ("BOR") adopted for 18 condominium parcels for tax years 2011, 2012, and 2013. The BOE contends that there was no sufficient basis for the reductions ordered by the BOR

and that in any event, the reduced values should not have been carried forward from tax year 2011 to tax years 2012 and 2013, because the owners filed a new complaint for tax year 2012. We hold that the BTA erred by failing to independently weigh the evidence. Accordingly, we vacate the decision of the BTA and remand for further proceedings. However, we hold that the carryforward of the 2011 valuations to tax years 2012 and 2013 was proper under our recent case law.

## FACTUAL BACKGROUND

**{¶ 2}** The property owners, appellees Matthew and Jerry Chess, filed a complaint challenging the 2011 valuations of 18 residential condominium parcels in Franklin County. The BOE filed a countercomplaint seeking to retain the auditor's valuations. In addition to this 2011 complaint, the next year, the owners filed a new complaint challenging the tax-year-2012 values of the same parcels. The BOR ultimately dismissed the 2012 complaint.

**{¶ 3}** In support of the complaint seeking reduced values, Matthew Chess, who testified before the BOR, relied primarily on five 2012 sales of similar units, apparently part of the same condo complex—though Chess was not himself the former owner and seller of those units. The sales ranged from a high price of $44,000 to a low of $35,100.

**{¶ 4}** The BOR's deliberation is not in the record,[1] but the hearing notes, along with a gross-rent-multiplier ("GRM") report, appear to furnish the basis for its decision. Based on the GRM analysis, the BOR posited a market rent of $700 per unit and a multiplier of 70, for a value of $49,000 per unit, i.e., a total value of $882,000 for all 18 parcels. The BOR thereby ordered a 17 percent reduction from the $1,066,000 value that had been found by the auditor, and the BOE appealed to the BTA on July 9, 2014.

---

[1] No audio recording of the BOR's deliberation was certified as part of the record.

**{¶ 5}** Although the record does not contain any arguments or evidence advanced at the BTA, the BTA stated that it was considering the appeal in part upon the BOE's "written argument." BTA No. 2014-2780, 2015 WL 1303319, *1 (Mar. 11, 2015). The BTA first considered the argument that "the BOR's decision was not supported by the record," and upheld the BOR's valuation on the grounds that it found "no evidence in the record to counter the decision of the BOR to modify the auditor's original assessment of the subject property." *Id*. at *2. The BTA also acknowledged a jurisdictional argument: that the filing of the 2012 complaint cut off the BOR's continuing jurisdiction under the 2011 complaint. The BTA rejected that argument, noting that the 2012 complaint had been dismissed as a prohibited second filing during the triennial period that began in 2011. The BTA found that because the 2012 complaint was not "procedurally valid," it did not cut off the continuation of the 2011 complaint. *Id*. at *3.

## ANALYSIS

### The BTA Erred by Relying on a Presumption of Validity Rather than Independently Weighing the Evidence

**{¶ 6}** The BOE's first two propositions of law assign error to the BTA's adoption of the BOR's reduced values for tax year 2011:

> Proposition of Law No. 1:
>
> The BTA has a duty to independently weigh the evidence before it and state what evidence it considered relevant in reaching its determination.
>
> Proposition of Law No. 2:
>
> A decision of a county board of revision is not entitled to a presumption of validity and the BTA is required to perform a de novo review of the evidence.

**{¶ 7}** These propositions state a claim for relief from the decision below. As the BOE asserts, our case law has repeatedly instructed the BTA to eschew a presumption of the validity of the BOR's value and instead to perform its own independent weighing of the evidence in the record. *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 147 Ohio St.3d 409, 2016-Ohio-7381, 66 N.E.3d 722, ¶ 15, 22; *Vandalia-Butler City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 130 Ohio St.3d 291, 2011-Ohio-5078, 958 N.E.2d 131, ¶ 13, citing *Hilliard City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 128 Ohio St.3d

**{¶ 8}** 565, 2011-Ohio-2258, 949 N.E.2d 1, ¶ 17, citing *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 76 Ohio St.3d 13, 15, 665 N.E.2d 1098 (1996). Here, as in *Olentangy Local Schools*, the BTA failed to evaluate the evidence relied upon by the BOR, and the same relief that we granted there is warranted here: vacation of the BTA's decision and remand of the cause to the BTA with an instruction to weigh the evidence. On remand, the BTA shall give full consideration to the BOE's arguments regarding the probative force of the evidence. Moreover, in light of the absence of a record of the BOR hearing, the BTA shall also take appropriate steps to ensure that it resolves the case on a full record in a manner that does not cause undue prejudice to any litigant. *See Cannata v. Cuyahoga Cty. Bd. of Revision*, 147 Ohio St.3d 129, 2016-Ohio-1094, 62 N.E.3d 144, ¶ 5, 13, 17, 32.

**{¶ 9}** In support of its second proposition of law, the BOE also argues that the auditor's values must be reinstated because evidence in support of a reduction must be offered by the property owner as part of its burden to demonstrate a reduced value for the property; in this case, the BOE argues, the property owners failed to meet their burden and the BOR instead erred by relying on its own GRM calculations to determine the reduced values. Here again, we regard our decision in *Olentangy Local Schools* as directing the right course of action: in that case, we remanded for consideration of the evidence in support of a reduction without regard

to the fact that the principal evidence relied upon below had been generated by the auditor and the BOR rather than offered by the property owner. *Olentangy Local Schools*, ¶ 7-9, 12, 22. We did not instruct the BTA, on remand, to disregard the auditor's additional evidence.

{¶ 10} We see no provision of law that prohibits, in connection with ordering a value reduction, a board of revision's consultation of additional evidence beyond that presented by the owner at the board's hearing. Indeed, we have acknowledged that instead of acting as a fully neutral arbiter, a board of revision conducts proceedings that are part of the county's own determination of value for a particular parcel and is therefore an appellee in any appeal from that determination. *R.R.Z. Assocs. v. Cuyahoga Cty. Bd. of Revision*, 38 Ohio St.3d 198, 200, 527 N.E.2d 874 (1988) ("While the board of revision is a deciding tribunal, it is not a truly impartial tribunal in the sense that a trial court or the BTA is," but rather consists of county officials and "has an interest in the case because the value decision affects the county's tax revenues"). It stands to reason that just as the county auditor consults its experts in originally assessing the property, the board of revision may, when reviewing the decrease complaints that come before it, elicit evidence from consultants and staff appraisers. If, in such a case, the board of revision orders a reduction and the board of education appeals to the BTA, the board of revision as an appellee can be called upon to account for the manner in which it determined the reduced value. *See, e.g.*, *Colonial Village, Ltd. v Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 18-19 (property owner subpoenaed county's consultant to testify on cross examination at the BTA hearing). And although the boards of education have a statutory right to participate in proceedings initiated by decrease complaints, *see* R.C. 5715.13(A) and 5715.19(B), they do not have the right to limit the scope of evidence that the boards of revision may rely upon in ordering a value reduction. It follows that, on

remand, the BTA should consider all the evidence and decide what weight to accord it.

**The Filing of the Invalid 2012 Complaint Did Not Cut Off the Continuation of the 2011 Complaint for Tax Years 2012 and 2013**

{¶ 11} The BOE's third proposition of law challenges the BTA's finding that the 2012 complaint did not cut off the continuation of the 2011 complaint to tax years 2012 and 2013. We recently addressed this issue, holding that the filing of a jurisdictionally invalid complaint does not cut off the continuation of an earlier year's complaint. *Cannata*, 147 Ohio St.3d 129, 2016-Ohio-1094, 62 N.E.3d 144, ¶ 30. Accordingly, we reject the third proposition of law.

## CONCLUSION

{¶ 12} For the foregoing reasons, we order that the decision of the BTA is vacated and the cause is remanded for further proceedings consistent with this opinion.

Decision vacated

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, and Kimberly G. Allison, for appellant.

Matthew R. Chess, pro se.

_____