AP HOTELS OF ILLINOIS, INC., APPELLEE, *v.* FRANKLIN COUNTY BOARD
OF REVISION ET AL., APPELLEES; BOARD OF EDUCATION OF CANAL
WINCHESTER LOCAL SCHOOL DISTRICT, APPELLANT.

[Cite as *AP Hotels of Illinois, Inc. v. Franklin Cty. Bd.
of Revision*, 118 Ohio St.3d 343, 2008-Ohio-2565.]

(No. 2007–0478—Submitted May 21, 2008—Decided June 3, 2008.)

**Per Curiam.**

{¶ 1} The Board of Education of the Canal Winchester Local School District
("BOE") appeals from a decision of the Board of Tax Appeals ("BTA"), in which
the BTA adopted a reduced valuation of an Amerihost motel property. The BTA
predicated the reduction on the report and testimony of an expert appraiser that
the owner, AP Hotels of Illinois, Inc., presented to the BTA. On appeal, the
BOE contends that the BTA erred by adopting a valuation that the appraiser had
certified as of January 1, 2003, as the value of the property on January 1, 2002.
In support of the BTA's decision, the property owner relies on oral testimony of
the appraiser tying the value stated in the appraisal report to the January 1, 2002
lien date.

{¶ 2} Although we agree with the BOE that the opinion of value as of January
1, 2003, did not constitute an expert's certification of value for tax year 2002, we
find that the BTA performed an independent valuation based on a record that
contained sufficient evidence to support its conclusion. We therefore affirm.

I

{¶ 3} For tax year 2002, the auditor valued the 1.791–acre property at
$2,300,800. In its complaint to the Franklin County Board of Revision ("BOR"),
AP Hotels sought a reduction of value to $1,500,000. At the BOR hearing, AP
Hotels presented no appraisal, but relied upon evidence of declining demand and
increased competition, along with a study of comparable motel sales, as factors

indicating a lower value of the property as of January 1, 2002. The BOR retained the auditor's value, and AP Hotels appealed to the BTA.

{¶ 4} At the BTA hearing, AP Hotels presented the oral testimony and the appraisal report of Samuel Koon. Koon had prepared an appraisal report using the cost, comparative-sales, and income methods to determine a value as of January 1, 2003. AP Hotels offered the report to establish a value for the property for tax year 2002, although the lien date for tax year 2002 was one year before the date on the appraisal itself.

{¶ 5} Koon testified concerning the general situation of motel properties after the terrorist attacks on September 11, 2001. He also gave the following testimony in a colloquy with the property owner's counsel:

{¶ 6} "Q: If you were asked, would your opinion be higher or lower with regard to January 1, 2002 or January 1, 2003? What would be your answer?

{¶ 7} "A: I think the number would be the same."

{¶ 8} The BTA first cited *Olmsted Falls Village Assn. v. Cuyahoga Cty. Bd. of Revision* (1996), 75 Ohio St.3d 552, 664 N.E.2d 922, and *Freshwater v. Belmont Cty. Bd. of Revision* (1997), 80 Ohio St.3d 26, 684 N.E.2d 304, for the proposition that a finding of value must be premised on evidence relevant to the tax lien date. The BTA framed the issue before it as follows: "[W]e must * * * review the information contained within Koon's appraisal and determine whether there exists sufficient corroborating information to support his testimony offered at hearing that his written opinion for tax lien date 2003 is equally applicable to a tax lien date one year earlier." To make that determination, the BTA reviewed the appraisal report's application of valuation methods—cost, sales comparison, and income—and found them credible. Finally, the BTA reiterated that Koon had "testified that his written opinion of value would not have changed had it been expressed for January 1, 2002," and faulted the BOE for making only "general assertions" that did not "substantiate its assertion that Koon's analysis was unreliable."[1] *AP Hotels of Illinois, Inc. v. Franklin Cty. Bd. of Revision* (Feb. 16, 2007), B.T.A. No. 2004–K–349 at 13. The BTA accordingly adopted the value found by Koon as the value of the property as of January 1, 2002.

---

1. The BOE includes in its supplement an illegible copy of what it claims is a conveyance fee statement evidencing a sale of the property in May 2006. Not only did the BOE not introduce this document into evidence at the BTA, the document presumably did not even exist until some 11 months after the close of the June 2005 BTA hearing. The BOE urges that we take judicial notice of this document, but judicial notice does not furnish litigants an exception to the rule that evidence must be timely offered in a judicial proceeding. We decline to consider the document, and we order that it be stricken from the record of this appeal.

## II

{¶ 9} The BOE asserts that the BTA committed reversible error by relying on an appraisal that did not value the property as of the lien date of tax year 2002. In *Olmsted Falls Village Assn.*, 75 Ohio St.3d 552, 664 N.E.2d 922, we rejected the BTA's reliance on an appraisal because the appraiser did not tie his opinion of value to the tax lien date. We held that "the BTA must base its decision on an opinion of true value that expresses a value for the property *as of the tax lien date of the year in question.*" (Emphasis added.) Id. at 555, 664 N.E.2d 922.

{¶ 10} This proposition regarding the timing of valuation applies directly to the present case. Here the expert appraiser, Samuel D. Koon, prepared an appraisal report using the cost, comparative-sales, and income methods to determine a value as of January 1, 2003. AP Hotels then introduced that report to establish a value for the property as of January 1, 2002, the lien date for tax year 2002.

{¶ 11} In the other case noted by the BTA, *Freshwater v. Belmont Cty. Bd. of Revision*, 80 Ohio St.3d 26, 684 N.E.2d 304, the owner presented two appraisal reports and testimony of the appraiser. The reports stated values as of two different dates from the tax lien date at issue, which was January 1, 1994. The first stated a value as of December 30, 1991, and the second a value as of April 5, 1996. The appraiser averaged the two appraisals to estimate the value on the lien date. The BTA rejected that approach, and we affirmed, noting that the "essence of an assessment is that it fixes the value based upon facts as they exist at a certain point in time" and that averaging did not constitute a determination of value as of the lien date. Id. at 30, 684 N.E.2d 304.

{¶ 12} On its face, this case presents a potential pitfall in light of the precepts of *Olmsted Falls* and *Freshwater*: the BTA could have erroneously used the determination of value in the appraisal report as an expert opinion for the earlier year in light of the oral testimony at the hearing—even though the value was not certified by the appraiser as to the earlier lien date. In appraising real property generally, the appraiser certifies the opinion and the report. "Whether the certification is included as part of the introduction or presented on a separate, signed page, certification is important because it establishes the appraiser's position, thereby protecting both the appraiser's integrity and the validity of the appraisal." Appraisal Institute, Appraisal of Real Estate (12th Ed.2001) 616. Through the certification process, the appraiser takes responsibility for the opinions and conclusions set forth in the report.

{¶ 13} To rely on the appraisal report as constituting an expert opinion of value for the 2002 tax year would constitute error. Koon's oral testimony at the BTA hearing falls short of constituting a certification that the value set forth in the report constitutes the value of the property as of the earlier lien date. Simply comparing the testimonial words with the certification language in the written

report compels this conclusion. In the report, Koon signed the statement that "[t]he reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial, unbiased professional analyses, opinions, and conclusions." Those were Koon's written words when he assigned a value of $1,600,000 to the property as of January 1, 2003. By contrast, on the issue of the value as of January 1, 2002, Koon said, "I think the number would be the same." The latter statement does not functionally equate to the former and does not constitute a sufficient certification of an opinion of value.

{¶ 14} A careful reading of the BTA's decision convinces us, however, that the BTA did not commit the error described in the foregoing paragraph. The BTA's citation of *Olmsted Falls* and *Freshwater* shows that it realized it had to avoid treating the appraisal report for tax year 2003 as a certified value for tax year 2002. Instead, the BTA viewed the testimony and the report together as evidence of value as of January 1, 2002, and on the basis of that evidence the BTA concluded that the value of the property as of that date was $1,600,000. As detailed in the next section, we find no legal error in the BTA's analysis or conclusion.

### III

{¶ 15} Because there was no express certification of value for the 2002 lien date before it, the BTA faced a two-step task that our cases have prescribed. The BTA undertook to review the record to determine (1) whether it contained sufficient evidence to enable the BTA to perform an independent determination of value, and, if so, (2) what the value was. *Dayton–Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 23 and 24. If the record had contained insufficient evidence to enable the BTA to perform an independent valuation, the proper course of action would have been to revert to the BOR's determination. Id. at ¶ 15, citing *Simmons v. Cuyahoga Cty. Bd. of Revision* (1998), 81 Ohio St.3d 47, 48–49, 689 N.E.2d 22.

{¶ 16} We conclude that the BTA properly conceived and carried out its duty. The appraisal report set forth extensive discussion of comparable sales, the property's income and expenses, and the nature of the motel market that was pertinent to January 1, 2002, as well as January 1, 2003. Although the appraiser did not certify his ultimate opinion of value as of the 2002 tax lien date, his certification that the "statements of fact contained in this report are true and accurate" did permit the BTA to use the factual information set forth in the report. Moreover, AP Hotels had submitted similar and additional supportive information to the BOR.

{¶ 17} This factual information in the appraisal report and the additional evidence before the BOR constituted an adequate basis for determining value. The evidence also corroborated Koon's hearing testimony that in the period immediately after the September 11 terrorist attacks the demand for motel rooms decreased. Additionally, the geographic area surrounding the property had an oversupply of motel rooms. Finally, Koon's own statement that the value as of January 1, 2002, would not have been higher or lower than the value on January 1, 2003, furnished an increment of evidence in support of that allegation, and the BTA found that the other evidence supported that statement.

{¶ 18} Under these circumstances, it would have been error for the BTA to revert to the auditor's valuation of $2,300,800. *Colonial Village Ltd. v. Washington Cty. Bd. of Revision*, 114 Ohio St.3d 493, 2007-Ohio-4641, 873 N.E.2d 298, ¶ 19. Instead, the BTA performed an independent valuation based on the evidence in the record, and we defer to the factual conclusion that it reached. See *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14 (the " 'BTA is responsible for determining factual issues and, if the record contains reliable and probative support for these BTA determinations,' the court will affirm them"), quoting *Am. Natl. Can Co. v. Tracy* (1995), 72 Ohio St.3d 150, 152, 648 N.E.2d 483. Nor do we find—contrary to the BOE's assertions—any abuse of discretion in the BTA's determination of the credibility and weight accorded to the evidence before it. See *Strongsville Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 112 Ohio St.3d 309, 2007-Ohio-6, 859 N.E.2d 540, ¶ 15 (the court " 'will not reverse the BTA's determination on credibility of witnesses and weight given to their testimony unless we find an abuse of * * * discretion' "), quoting *Natl. Church Residence v. Licking Cty. Bd. of Revision* (1995), 73 Ohio St.3d 397, 398, 653 N.E.2d 240.

{¶ 19} Given the evidence before it, the BTA acted reasonably and lawfully when it adopted a reduced valuation for the motel property. We therefore affirm.

Decision affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Wayne E. Petkovic, for appellee AP Hotels of Illinois, Inc.

Martin Hughes & Associates, Martin J. Hughes III, and Jackie Lynn Hager, for appellant.