[Cite as *Columbus City School Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 2014-Ohio-4360.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

Board of Education of the Columbus
City Schools,

           Appellant-Appellee,

v.

Franklin County Board of Revision et al.,

           Appellees-Appellees,

621 City Park, LLC,

           Appellee-Appellant.

:
:
:
:
:
:
:
:
:
:
:

No. 14AP-167
(BTA No. 2013-2481)

(REGULAR CALENDAR)

---

## D E C I S I O N

### Rendered on September 30, 2014

---

*Rich & Gillis Law Group, LLC, Mark H. Gillis*, and
*Kimberly G. Allison*, for appellee Board of Education of the
Columbus City Schools.

*Ronald B. Noga*, for appellant.

---

### APPEAL from the Ohio Board of Tax Appeals

SADLER, P.J.

{¶ 1} Appellant, 621 City Park, LLC, appeals from a decision and order of the Ohio Board of Tax Appeals ("BTA") determining the taxable value of certain real property for the tax year 2010. For the following reasons, we reverse and remand for further proceedings.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2}   Appellant owns a four-unit residential property in the German Village area of Columbus.  For tax year 2010, the Franklin County Auditor ("auditor") assigned a true value of $360,000.  Appellant filed a complaint against valuation, seeking a reduction of true value to $300,000.  Appellee, Board of Education of the Columbus City Schools ("BOE"), filed a counter-complaint seeking to retain the auditor's valuation.

{¶ 3}   Following a hearing, appellee, Franklin County Board of Revision ("BOR"), reduced the true value of appellant's property to $290,000 for tax year 2010.  The BOE filed an appeal with the BTA, and, following a hearing, the BTA reinstated the $360,000 value originally assessed by the auditor.

## II.  ASSIGNMENTS OF ERROR

{¶ 4}   In a timely appeal, appellant asserts the following assignments of error:

[I.] The Decision of the Board of Tax Appeals is unreasonable and unlawful in that the Board held the Appellant herein (Appellee at BTA) had the burden of proof with respect to an increase in valuation sought by the Board of Education.

[II.] The Decision of the Board of Tax Appeals is unreasonable and unlawful in that it accorded no weight to the expert opinion of the property's owner based [on] his experience and comparable sales data.

[III.] The Board of Tax [A]ppeals in rejecting the Decision of the Board of Revision by reference to a gross rent multiplier approach acted unreasonably and unlawfully.

## III.  DISCUSSION

{¶ 5}   On May 20, 2013, the BOR held a hearing on appellant's complaint against valuation.[1]  Appellant presented an appraisal report for 2011 and the testimony of Kenneth Goff, the individual who prepared the appraisal report.  Mr. Goff testified that he has been a real estate appraiser for 38 years and specializes in the appraisal of one-to-four-unit residential properties.  He appraised the subject property for tax year 2011 at a value of $275,000.  In performing the appraisal, Mr. Goff utilized two commonly accepted

---

[1] The hearing for tax year 2010 was consolidated with the hearing for tax years 2011 and 2012 regarding the same property.  The record of the hearing consists of an audio recording and a hearing worksheet.

valuation methods: (1) the sales-comparison method, which focuses on the prices of comparable properties that have sold recently, and (2) the income-capitalization method, which focuses on a property's capacity to generate income for the owner.  According to Mr. Goff, both methods yielded similar value estimates.

{¶ 6}   Mr. Goff testified as to the specifics of both valuation methods.  Regarding the sales-comparison method, Mr. Goff testified that he examined sales data for three similarly situated four-unit residential properties and made adjustments relevant to the subject property for square footage, condition, and price per unit differences.  He personally viewed and inspected the exterior of the three sales comparables and utilized photographs and other information provided in the multiple listing service to assess the interior of the three sales comparables.

{¶ 7}   As to the income-capitalization method, Mr. Goff testified that such method is commonly used in valuation of one-to-four-unit residential properties; it is less commonly used to value industrial or more complex properties.  Under the income-capitalization method, valuation is calculated based upon the product of the subject property's total gross monthly rental income and a gross rent multiplier.  In calculating total gross monthly rental income for the subject property, Mr. Goff utilized gross market rents that were slightly lower than the actual gross rents received.  In response to a question posed by the BOR, Mr. Goff testified that he derived the gross rent multiplier for the subject property from the gross rent multipliers for the three sales comparables.

{¶ 8}   Mr. Goff admitted that he did not conduct a specific appraisal of the property for tax year 2010, and he declined to provide an opinion of value as of January 1, 2010.  However, he averred that all the sales comparables used in the 2011 appraisal occurred in 2010 and could be used as part of a valuation analysis for 2010.  He also noted that total residential property values in Franklin County from 2010 to 2011 essentially remained static.

{¶ 9}   Appellant also presented the testimony of Thomas Willoughby, the sole member of the limited liability corporation that owns the subject property.  Summarizing his educational and employment background, Mr. Willoughby testified that he holds a degree in architecture from Glasgow University, an M.B.A. in finance from Harvard University, and a Ph.D. from Cambridge University.  He has been engaged full time in real

estate investment in the German Village area for over 30 years and has closely followed real estate market trends in the area.  Over the course of his 30-year investment history, Mr. Willoughby has owned over 100 one-to-four-unit residential properties.

{¶ 10} Mr. Willoughby testified that appellant purchased the subject property in May 2006 for $360,000.  Since the time of purchase, the property has been well-maintained and has been fully occupied, with few exceptions.  As of the tax lien date of January 1, 2010, the property was fully occupied at above market rents.  Based both on his ownership of the subject property and his experience in the German Village real estate market, Mr. Willoughby concurred in Mr. Goff's $275,000 appraisal.

{¶ 11} Although an attorney representing the BOE appeared at the hearing and cross-examined both Mr. Goff and Mr. Willoughby, the BOE did not present any witnesses or additional information regarding the valuation of the property.  Noting appellant's failure to submit an appraisal report specific to tax year 2010, the BOE attorney argued that appellant failed to meet its burden of proving entitlement to a reduction in value.

{¶ 12} On May 22, 2013, the valuation of the subject property again became the topic of a BOR proceeding.  During that proceeding, the auditor recommended for tax year 2011 the BOR apply a slightly higher gross rent multiplier than that set forth in the 2011 appraisal report, resulting in a valuation of $290,000.  The auditor further recommended that the BOR value the subject property for tax year 2010 the same as for tax year 2011, i.e., $290,000, based on the testimony regarding static market conditions.

{¶ 13} The BOR issued a decision on May 22, 2013, concluding that a decrease in valuation of $70,000 was warranted and that such change was effective as of tax lien date January 1, 2010.  Accordingly, the BOR reduced the true value of appellant's property to $290,000 for tax year 2010.[2]

{¶ 14} Upon the BOE's timely appeal, the BTA conducted a hearing on January 6, 2014.  Appellant once again presented the testimony of Mr. Goff and Mr. Willoughby, each of whom essentially reiterated the testimony offered at the BOR hearing, with some additions.

---

[2] The BOR also valued the property at $290,000 for tax years 2011 and 2012.  The BOE appealed only the valuation for tax year 2010.

{¶ 15} Mr. Goff again averred that he appraised the subject property for tax year 2011 at a value of $275,000, but did not conduct an appraisal for tax year 2010. He also reiterated that the sales comparables used in the 2011 appraisal occurred in 2010 and could be used as part of a valuation analysis for 2010. Mr. Goff described the 2009 to 2011 market value trend for properties in the German Village area as "flat." (Jan. 6, 2014 BTA Tr. 13.) He also testified that he had "no information that would indicate there would be a significant valuation difference plus or minus" between tax years 2010 and 2011. (Jan. 6, 2014 BTA Tr. 13.)

{¶ 16} Mr. Willoughby opined that the collapse of the financial markets in 2008 negatively affected the value of the subject property from 2009 to 2011. He further opined that the BOR's $290,000 valuation was an acceptable compromise between his original valuation of $300,000 (set forth in the complaint) and Mr. Goff's $275,000 valuation.

{¶ 17} Although the attorney for the BOE cross-examined Mr. Goff and Mr. Willoughby during the BTA hearing, the BOE did not present any witnesses, evidence of its own valuation, or evidence in support of the auditor's valuation. The BOE attorney argued that the BOR improperly reduced the auditor's true value for the subject property from $360,000 to $290,000 for tax year 2010. The BOE attorney contended that, because the record was devoid of any appraisal evidence as of January 1, 2010, Mr. Goff's testimony before the BOR and the BTA should be afforded no weight. The BOE attorney further argued that while Mr. Willoughby, as sole member of the limited liability corporation that owns the subject property, was competent to provide an opinion of value, his testimony was neither offered as a qualified expert, nor was his opinion based on a valuation analysis utilizing market rents or income as of tax year 2010.

{¶ 18} In its January 31, 2014 decision and order, the BTA noted that the appraisal presented by appellant valued the property as of January 1, 2011, 12 months after the tax lien date of January 1, 2010. Citing Supreme Court of Ohio case law emphasizing the importance of an expert's opinion establishing valuation as of the tax lien date in issue, the BTA found that "[i]n the absence of an appraiser's opinion of value as of the relevant tax lien date, we find that the owner failed to meet its burden of proof before this board and before the BOR." (BTA Decision and Order, 3.) In a footnote following this

statement, the BTA noted that although Mr. Willoughby, as the property owner, was entitled to provide an opinion as to the property's value, "in order for such an opinion to be considered probative, it must be supported with tangible evidence of a property's value," and "[t]he weight to be accorded an owner's evidence is left to the sound discretion of this board." (BTA Decision and Order, 3, fn. 3.) The BTA further found inappropriate the BOR's use of an income-capitalization method to value using a gross rent multiplier. The BTA concluded that "[i]n the absence of sufficient evidence to support a decrease in value, we must reverse the reduction ordered by the BOR." (BTA Decision and Order, 4.)

{¶ 19} Recently, in *Piepho v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 13AP-818, 2014-Ohio-2908, ¶ 4-6, this court set forth the standard of review applicable to BTA decisions:

> An appellate court reviews decisions of the BTA to determine whether they are reasonable and lawful. *Gesler v. Worthington Income Tax Bd. of Appeals*, 138 Ohio St.3d 76, 2013-Ohio-4986, ¶ 10; *see Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 12AP-682, 2013-Ohio-4504, ¶ 8, citing *HIN, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 124 Ohio St.3d 481, 2010-Ohio-687, ¶ 13. The " 'fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities' " and an appellate court will not disturb a decision of the BTA " 'unless it affirmatively appears from the record that such decision is unreasonable or unlawful.' " *Hilliard City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 1, 2014-Ohio-853, ¶ 48, quoting *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, ¶ 17, quoting *Cuyahoga Cty. Bd. of Revision v. Fodor*, 15 Ohio St.2d 52 (1968), syllabus.
>
> "The BTA's findings of fact are to be affirmed if supported by reliable and probative evidence, and the BTA's determination of the credibility of witnesses and its weighing of the evidence are subject to a highly deferential abuse-of-discretion review on appeal." *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 129 Ohio St.3d 3, 2011-Ohio-2316, ¶ 18, citing *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 125 Ohio St.3d 103, 2010-Ohio-1040, ¶ 15, and *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, ¶ 14; *Wingates L.L.C. v. South-Western City Schools Bd. of Edn.*, 10th Dist. No. 10AP-846, 2011-Ohio-2372. However, we

> will reverse a BTA decision if the decision is based on an incorrect legal conclusion. *The Chapel v. Testa*, 129 Ohio St.3d 21, 2011-Ohio-545, ¶ 9; *see also Satullo* at ¶ 14, and *Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino*, 93 Ohio St.3d 231, 232 (2001).
>
> When a taxpayer challenges the auditor's valuation of property before the BOR, the taxpayer has the burden to prove entitlement to a reduction in value. *See CABOT III-OH1M02, L.L.C. v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 13AP-232, 2013-Ohio-5301, ¶ 27, citing *Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, ¶ 15. In an appeal to the BTA, the party challenging the BOR's decision has the burden of proof to establish the party's proposed value as the value of the property. *Sapina v. Cuyahoga Cty. Bd. of Revision*, 136 Ohio St.3d 188, 2013-Ohio-3028, ¶ 26, *see also Colonial Village Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, ¶ 23. "To prevail on appeal, the appellant must present competent and probative evidence supporting the value the appellant asserts." *CABOT III-OH1M02* at ¶ 26, citing *Bd. of Edn. of the Dublin City Schools v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 193, 2013-Ohio-4543, ¶ 14.

{¶ 20} By its first assignment of error, appellant contends the BTA's decision and order is unreasonable and unlawful in that the BTA improperly shifted the burden of proof to appellant. Appellant cites the BTA's statement that "[i]n the absence of an appraiser's opinion of value as of the relevant tax lien date, we find that the owner failed to meet its burden of proof before this board and before the BOR." (BTA Decision and Order, 3.) Appellant contends that the prejudice resulting from the BTA's error is particularly egregious given that the BOE introduced no evidence at either the BOR or the BTA hearing supporting reinstatement of the auditor's valuation.

{¶ 21} In *Dublin City Schools v. Franklin Cty. Bd. of Rev.*, 139 Ohio St.3d 193, 2013-Ohio-4543 ("*Dublin City Schools I*"), the Supreme Court of Ohio addressed the identical burden-of-proof issue raised in the present case. In that case, the property owner filed a complaint challenging the auditor's valuation of the property. At the hearing before the BOR, the property owner presented the testimony of its managing partner and the report and testimony of its appraiser. The board of education attorney cross-

examined the managing partner, but the board of education did not present any witnesses or additional information as to the valuation of the property. Thus, the only evidence of value presented at the hearing came from the appraiser's testimony and report. The BOR adopted the appraiser's valuation, noting that the board of education provided no additional information and recognizing the appraiser as an expert in real estate appraisal.

{¶ 22} The board of education appealed to the BTA. At the BTA hearing, the property owner once again presented the managing partner and the appraiser as witnesses. The appraiser provided additional information and adjusted his valuation slightly downward. The board of education attorney cross-examined the witnesses, but the board of education presented no witnesses, no evidence of its own valuation, and no evidence in support of the auditor's valuation.

{¶ 23} After reviewing the evidence, the BTA concluded that the property owner "failed to present competent and probative evidence to either this board or the BOR in support of its requested decreases in value." (Citations to BTA decisions omitted.) *Id.* at ¶ 9. Specifically, the BTA found that the appraiser's valuation methodology was improper. It subsequently reversed the BOR's valuation and reinstated the auditor's valuation.

{¶ 24} On appeal to the Supreme Court of Ohio, the property owner contended, among other things, that: (1) the BTA's decision was unreasonable and unlawful because it reverted to the auditor's value when the board of education introduced no evidence in support of the auditor's valuation, (2) the BTA did not hold the board of education to its burden of proof and improperly shifted the burden of proof to the property owner, and (3) the BTA erred by rejecting the property owner's valuation methodology.

{¶ 25} In response, the board of education asserted that the property owner's appraisal did not constitute competent and probative evidence of the property's true value. The board of education further argued that, because the property owner did not satisfy its initial burden to prove that the appraisal evidenced the true value of the property, the BTA did not improperly shift the burden of proof to the property owner.

{¶ 26} The Supreme Court framed the issue before it: "we must decide whether the BTA properly reinstated the auditor's valuation of the [property]." *Id.* at ¶ 12. In analyzing this issue, the court first set forth the relevant burdens of proof. The court noted that "the taxpayer bears the burden to establish the right to a deduction and a

taxpayer is ' "not entitled to the deduction claimed merely because no evidence is adduced contra his claim." ' " *Id.* at ¶ 14, quoting *Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, ¶ 15, quoting *W. Industries, Inc. v. Hamilton Cty. Bd. of Revision*, 170 Ohio St. 340, 342 (1960).  The Supreme Court further noted that "[w]hen a party appeals a board of revision's decision to the BTA, the appellant, whether it be a taxpayer or a board of education, has the burden to prove its right to a reduction or increase in the board of revision's determination of value" and that "[t]o prevail on appeal before the BTA, the appellant must present 'competent and credible evidence' supporting the value the appellant asserts." *Id.* at ¶ 15, citing *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 90 Ohio St.3d 564, 566 (2001).

{¶ 27} Applying these burdens of proof to the case before it, the Supreme Court noted that the property owner had the burden to prove its right to a reduction when it challenged the auditor's valuation of the property before the BOR. *Id.* at ¶ 16, citing *Dayton-Montgomery* at ¶ 15.  The court found that the property owner had met its burden through the testimony of its managing partner and an appraiser and that once the BOR adopted the property owner's valuation, the burden of going forward with evidence shifted to the board of education on appeal to the BTA to present " 'competent and probative evidence to make its case.' " *Id.*, quoting *Columbus City School Dist.* at 566.  The court further found that, because the board of education did not present any evidence to support its own valuation or the auditor's valuation and instead chose to attack the appraiser's valuation through cross-examination, the board of education failed to sustain its burden.  The court concluded that "[s]ince the board of education failed to meet its burden on appeal and the only evidence in the record—the testimony of [the managing partner] and [appraiser]—negates the auditor's determination, we now turn to the question of whether the BTA acted reasonably and lawfully by reinstating the auditor's valuation." *Id.*

{¶ 28} Addressing reinstatement of the auditor's valuation, the court recognized that " 'the auditor's initial determination of value for a given tax year possesses an increment of prima-facie probative force.' " *Id.* at ¶ 17, quoting *FirstCal Indus. 2 Acquisitions, L.L.C. v. Franklin Cty. Bd. of Revision*, 125 Ohio St.3d 485, 2010-Ohio-1921,

¶ 31.  However, the court further stated that "when a taxpayer presents evidence contrary to the auditor's valuation and no evidence is offered to support the auditor's valuation, the BTA may not simply reinstate the auditor's determination."  *Id.*, citing *Dayton-Montgomery* at ¶ 27; *Bedford Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 115 Ohio St.3d 449, 2007-Ohio-5237, ¶ 11-12.  Rather, " 'once the BTA had determined that the record contained evidence tending to negate the county's original valuation, the BTA's duty was to "determine whether the record as developed by the parties contain[s] sufficient evidence to permit an independent valuation of the property." ' "  *Dublin City Schools I* at ¶ 17, quoting *Vandalia-Butler City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 130 Ohio St.3d 291, 2011-Ohio-5078, ¶ 26, quoting *Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 114 Ohio St.3d 493, 2007-Ohio-4641, ¶ 25.  The court noted that the board of education had produced no evidence to support its valuation or the auditor's valuation of the property, nor did it identify the procedures or methods the auditor had used in valuing the property.  *Id.*

{¶ 29}  The court then considered the board of education's reliance on *Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975 ("*Colonial Village*"), for the proposition that if the evidence presented is not reliable and is not probative, the BTA should revert to the auditor's valuation as the default value.  The court distinguished *Colonial Village* on two grounds.  First, the court found *Colonial Village* factually distinguishable, as it involved a situation where the BOR initially adopted the auditor's valuation, and, after finding that the property owner had not met its burden on appeal, the BTA affirmed the BOR's conclusion reinstating the auditor's valuation.  The court noted that in the case before it, the BOR adopted the property owner's valuation, and, since the property owner presented competent, credible evidence of valuation and other evidence negating the auditor's valuation and the board of education did not present any evidence to support its valuation or the auditor's valuation, the BTA abused its discretion in reinstating the auditor's valuation.  *Dublin City Schools I* at ¶ 20.  The court secondly noted that the board of education had failed to recognize that although the *Colonial Village* court stated that the BTA is justified in retaining the auditor's valuation when an appellant fails to sustain its burden of proof at the BTA, it also acknowledged that an exception to that general rule arises when the record

affirmatively negates the validity of the auditor's valuation.  *Id.*  The court found that the case before it fell under that exception because the property owner established a different valuation than that of the auditor, and the board of education offered no evidence to support its valuation or the auditor's valuation.  *Id.*

{¶ 30} The court determined that the BTA's reinstatement of the auditor's valuation was " 'not justified, because the taxpayer had presented evidence contrary to the auditor's determination to the board of revision.' "  *Id.* at ¶ 21, quoting *Bedford* at ¶ 12.  The court noted that in *Vandalia-Butler*, it clarified its holding in *Bedford* and explained: " 'Even if some evidence tends to negate the auditor's valuation, it is proper to revert to that valuation when the BTA finds that the owner has not proved a lower value and there is otherwise "no evidence from which the BTA can independently determine value." ' "  *Dublin City Schools I* at ¶ 21, quoting *Vandalia-Butler* at ¶ 24, quoting *Simmons v. Cuyahoga Cty. Bd. of Revision*, 81 Ohio St.3d 47, 49 (1998).  The court concluded that in the case before it, evidence existed from which the BTA could independently determine value.  "It is clear from a review of the record that the auditor's valuation of the property was too high.  Specifically, there is no evidence indicating that the auditor accounted for [the property's] depreciation in value due to market conditions."  *Id.*  "Considering the market conditions presented before the [BOR] and the BTA and the absence of any evidence in the record addressing whether the auditor took those market conditions into account, * * * grounds exist for determining that the BTA unreasonably adopted the auditor's valuation."  *Id.* at ¶ 24.  The court concluded that "[w]hen confronted with such clear evidence negating the auditor's valuation, the BTA acted unreasonably and unlawfully in adopting the auditor's valuation rather than determining the taxable value of the property.  It acted 'unlawfully by making a finding of value that is affirmatively contradicted by the only evidence in the record.' "  *Id.* at ¶ 26, quoting *Dayton-Montgomery* at ¶ 27.  The court reversed the BTA's determination, adopted the "only evidence of valuation contained in the record presented by [the property owner] through its expert," and reinstated the BOR's valuation.  *Id.* at ¶ 27.  The court further averred that it was not required to consider whether the valuation methodology utilized in the property owner's appraisal was appropriate because the court had determined that the BTA acted unreasonably and unlawfully in failing to conduct its own independent valuation of the

property, taking into account, among other things, the property's depreciation in value due to the downturn in the economy. *Id.* at ¶ 27, fn. 1.

{¶ 31} The board of education moved for reconsideration. *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 212, 2014-Ohio-1940 ("*Dublin City Schools II*"). As relevant here, the board of education argued that the court erred in holding that the board of education had to offer additional evidence of value, beyond the auditor's appraisal, in order to meet its burden of proof at the BTA hearing. The court declined to reconsider this issue, stating that it had "already thoroughly considered the burden-of-proof issue in our first decision." *Id.* at ¶ 10. The board of education also argued that the court erred in summarily accepting the property owner's valuation without considering the validity of that valuation. After considering the property owner's valuation methodology, the court determined that the BTA properly rejected it. *Id.* at ¶ 16-29. However, the court further determined that the BTA erred in reinstating the auditor's valuation without first conducting its own analysis and making an independent determination as to the taxable value of the property. Accordingly, the court remanded the matter to the BTA to conduct an independent valuation. *Id.* at ¶ 30-32.

{¶ 32} Applying the undisturbed burden-of-proof portion of *Dublin City Schools I* to the present case, appellant had the burden to prove its right to a reduction when it challenged the auditor's valuation before the BOR. To meet this burden, appellant presented the testimony of its sole member, Mr. Willoughby, and the appraiser, Mr. Goff. The BOR adopted appellant's valuation,[3] thereby shifting the burden of going forward with evidence to the BOE on appeal to the BTA to present competent and probative evidence to make its case. However, the BOE presented no evidence to support its own valuation or that of the auditor, choosing instead to attack appellant's evidence through cross-examination. The BOE thus failed to sustain its burden on appeal.

{¶ 33} Although *Dublin City Schools I* supports appellant's assertion that the BTA improperly shifted the burden to appellant, the BTA's error in this regard does not, alone, constitute reversible error mandating reinstatement of the valuation as determined by the

---

[3] The BOR appears to have adopted the auditor's recommendation asserted during the May 22, 2013 proceeding regarding application of a slightly higher gross rent multiplier than that set forth in the appraisal report presented by appellant, as the BOR valued the property at $290,000, rather than $275,000 as set forth in the appraisal report.

BOR.  Rather, as *Dublin City Schools I* instructs, since the BOE failed to meet its burden on appeal and the only evidence in the record, i.e., the testimony of Mr. Willoughby and Mr. Goff, negates the auditor's determination, we must consider the question of whether the BTA acted reasonably and lawfully by reinstating the auditor's valuation.  *Id.* at ¶ 16.  According to *Dublin City Schools II*, this question first requires us to determine whether the property owner's valuation methodology was accurate.  *Id.* at ¶ 13.

{¶ 34}  In the present case, the BTA rejected appellant's appraisal report because it valued the property as of January 1, 2011, rather than the relevant tax lien date of January 1, 2010.  In doing so, the BTA cited *Freshwater v. Belmont Cty. Bd. of Revision*, 80 Ohio St.3d 26 (1997), and *Olmsted Falls Village Assn. v. Cuyahoga Cty. Bd. of Revision*, 75 Ohio St.3d 552, 554-55 (1996).  In *Freshwater*, the property owner presented two appraisal reports and testimony of the appraiser.  The reports stated values as of two different dates from the tax lien date at issue, which was January 1, 1994.  The first report valued the property as of December 30, 1991; the second valued the property as of April 5, 1996.  The appraiser averaged the two appraisals to estimate the value on the tax lien date. The Supreme Court of Ohio affirmed the BTA's rejection of that method, noting that the "essence of an assessment is that it fixes the value based upon facts as they exist as a certain point in time. * * * The real estate market may rise, fall, or stay constant between any two dates, and the assumption that a change in valuation between two given dates is constant and uniform, without proof, may properly be rejected by the finder of fact."  *Id.* at 30.  Accordingly, the court concluded that averaging did not constitute a determination of value as of the relevant tax lien date.  *Id.*  In *Olmsted Village,* the Supreme Court of Ohio rejected the BTA's reliance on an appraisal because the appraiser did not tie his opinion of value to the tax lien date.  The court held that "the BTA must base its decision on an opinion of true value that expresses a value for the property as of the tax lien date of the year in question."  *Id.* at 555.

{¶ 35} Appellant claims that the comparable sales data in the January 1, 2011 appraisal report constitutes probative evidence of the value of the property as of January 1, 2010.  Appellant relies upon *Plain Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 130 Ohio St.3d 230, 2011-Ohio-3362, and *AP Hotels of Illinois, Inc. v. Franklin Cty. Bd. of Revision*, 118 Ohio St.3d 343, 2008-Ohio-2565, to claim that

evidence from an appraisal report that opines a value as of a date other than the tax lien date can be considered as an element of proof in making a value determination as of the tax lien date.

{¶ 36} In *Plain Local Schools*, the school board challenged the BTA's reliance on an appraisal report that expressed an opinion of value as of May 1, 2004 as a determination of value as of tax year 2005. Citing prior case law holding that the BTA must base its decision on an opinion of true value that expresses a value for the property as of the tax lien date in issue, the court expressly stated that the BTA would have erred in relying on an appraisal report that valued the property as of a date other than for the relevant tax year. However, the court went on to note that is not what the BTA had done. "Instead, the BTA placed its reliance on the testimony of Blosser, an appraiser who expressed her opinion that the $2,000,000 figure, which originally expressed an opinion of value as of May 1, 2004, constituted a 'solid valuation' as of January 1, 2005, the tax-lien date. According to the BTA, 'Blosser has provided her testimonial opinion of the property's worth on [the] tax lien date,' and she 'supported that opinion with appraisal evidence of another's written report.' " *Id.* at ¶ 27, quoting *Plain Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, BTA No. 2007-V-211, 2009 Ohio Tax LEXIS 1849 (Dec. 15, 2009).

{¶ 37} *Plain Local Schools* found that the circumstances in that case paralleled those of *AP Hotels. Id.* at ¶ 28. In *AP Hotels*, the BTA considered an appraisal report that valued the property as of January 1, 2003, along with the oral testimony of the appraiser who prepared the report. The appraiser opined that the value of the property as of the relevant tax lien date, January 1, 2002, "would be the same" as its value on January 1, 2003. *Id.* at ¶ 7. The BTA regarded that testimony in light of the information contained within the appraisal report and determined that the matters set forth in the written report supported the oral testimony and justified the conclusion that the value as of January 1, 2002 was the same as the value on January 1, 2003.

{¶ 38} The BTA in the present case also found inappropriate the use of an income-capitalization method to value using a gross rent multiplier, citing *Independence School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. No. 94585, 2010-Ohio-5845. In that case, the court stated that "it was within [the BTA's] discretion whether to accept

the gross income multiplier in determining the value as the BTA is not required to adopt the valuation fixed by any expert or witness." *Id.* at ¶ 18.

{¶ 39} In the present case, the appraisal report submitted by appellant did not value the subject property as of the relevant tax lien date of January 1, 2010, and, in contrast to *Plain Local Schools* and *AP Hotels,* the BTA appears to have afforded no weight to Mr. Goff's oral testimony regarding use of the January 1, 2011 appraisal as an appropriate valuation tool for January 1, 2010.  "When asked, Mr. Goff specifically declined to give an opinion of value as of January 1, 2010, but noted that total residential property values in Franklin County from 2010 to 2011 were essentially the same."  (BTA Decision and Order, 2.)  Further, it was within the BTA's discretion to reject use of the income-capitalization method to valuation using a gross rent multiplier.  *Independence School Dist.*  For these reasons, the BTA did not err in rejecting appellant's valuation methodology.

{¶ 40} However, after it considered and rejected appellant's valuation, the BTA merely reinstated the auditor's valuation.  As both *Dublin City Schools I* and *II* instruct, while the BTA is justified in retaining the auditor's valuation where the property owner has not met its burden in support of its claimed value, an exception to this general rule applies when the record affirmatively negates the validity of the auditor's valuation.  *Dublin City Schools I* at ¶ 20; *Dublin City Schools II* at ¶ 30.  Here, as in *Dublin City Schools I*, there is no indication that the auditor accounted for the decrease in the property's market value stemming from the 2008 financial crisis.  Appellant presented evidence that the value of the property in 2010 was significantly reduced by the financial crisis in 2008.  The property owner, Mr. Willoughby, testified that the fall of the financial markets in 2008 negatively affected the value of the property for 2008.  Although the BTA discounted Mr. Willoughby's testimony regarding the value of the property because it was not supported with "tangible evidence" of its value, the BTA did not specifically discount, or even mention, his testimony as to the depreciation in value due to the downturn in the economy.

{¶ 41} Accordingly, because appellant presented evidence contrary to the auditor's valuation, and the BOE offered no evidence to support the auditor's valuation, the BTA erred in simply reverting to the auditor's valuation.  Pursuant to *Dublin City Schools II,*

this matter must be remanded to the BTA to independently determine the taxable value of the subject property.

{¶ 42} Appellant's first assignment of error is, therefore, sustained.

{¶ 43} Because we have determined that the matter must be remanded to the BTA for further proceedings, appellant's second and third assignments of error are rendered moot, and we need not address them.  App.R. 12(A)(1)(c).

## IV.  CONCLUSION

{¶ 44} For the foregoing reasons, appellant's first assignment of error is sustained, and appellant's second and third assignments of error are rendered moot.  The judgment of the Ohio Board of Tax Appeals is reversed, and this cause is remanded for further proceedings consistent with this decision.

*Judgment reversed;*
*cause remanded.*

DORRIAN and O'GRADY, JJ., concur.

_____